J-S19012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                     :              PENNSYLVANIA
                      Appellee      :
                                         :
                  v.                  :
                                         :
THOMAS EARL BECKER                 :
                                       :
                     Appellant      :       No. 1671 MDA 2016

Appeal from the Judgment of Sentence September 22, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0002306-2012

BEFORE:   GANTMAN, P.J., BENDER, P.J.E., and STEVENS, P.J.E.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED MAY 12, 2017**

Appellant, Thomas Earl Becker, appeals from the amended judgment of sentence entered in the Lancaster County Court of Common Pleas, based on his jury trial conviction of three counts each of indecent assault and corruption of minors, two counts of aggravated indecent assault of a child, and one count of rape of a child.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On June 26, 2012, the Commonwealth charged Appellant with various criminal offenses in connection with his repeated sexual abuse of minors A.C., S.C., and J.S. ("Victims").  Appellant proceeded to a jury trial on May

---

[1]  18 Pa.C.S.A. §§ 3126(a)(7), 6301(a)(1), 3125(b), and 3121(c), respectively.

---

*Former Justice specially assigned to the Superior Court.

13, 2013. On May 15, 2013, the jury convicted Appellant of three counts each of indecent assault and corruption of minors, two counts of aggravated indecent assault of a child, and one count of rape of a child. The court deferred sentencing pending the preparation of a pre-sentence investigation ("PSI") report and an assessment by the Sexual Offender Assessment Board ("SOAB") to determine if Appellant met the criteria for classification as a sexually violent predator ("SVP").

On August 2, 2013, the court imposed SVP status based on its determination that Appellant suffers from a mental abnormality or personality disorder that makes him likely to engage in predatory sexually violent offenses. The court immediately proceeded to sentencing, where K.S. and C.B. testified. K.S. is the mother of J.S. and daughter of Appellant, and C.B. is the mother of A.C. and S.C. K.S. and C.B. detailed the substantial effects of the sexual abuse on Victims. After an extensive explanation of its reasons, the court sentenced Appellant to ten (10) to twenty (20) years' imprisonment for the rape of a child conviction, ten (10) to twenty (20) years' imprisonment each for the aggravated indecent assault of a child convictions, one (1) to two (2) years' imprisonment each for two of the indecent assault convictions, nine (9) to twenty-four (24) months' for the remaining indecent assault conviction; and one (1) year probation each for the corruption of minors convictions. The court ordered Appellant to serve the rape of a child, aggravated indecent assault of a child, and

- 2 -

indecent assault convictions consecutively; thus, the court sentenced Appellant to an aggregate term of thirty-two (32) years and nine (9) months to sixty-six (66) years' imprisonment. Appellant's sentence included mandatory minimum sentences for the rape of a child conviction and the two aggravated indecent assault of a child convictions.

Appellant timely filed a motion for reconsideration of his sentence on August 12, 2013, which the court denied the same day. On September 12, 2013, Appellant filed a notice of appeal. This Court quashed the appeal as untimely on November 14, 2013. After the court reinstated Appellant's direct appeal rights *nunc pro tunc*, Appellant filed a notice of appeal on January 7, 2014. On October 7, 2014, this Court affirmed the judgment of sentence, and Appellant did not seek further review with our Supreme Court. *See Commonwealth v. Becker*, 108 A.3d 105 (Pa.Super. 2014). On July 27, 2015, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel on July 30, 2015, and PCRA counsel filed an amended petition on October 23, 2015. After the Commonwealth conceded that Appellant was serving an illegal sentence in light of *Commonwealth v. Wolfe*, ___ Pa. ___, 140 A.3d 651 (2016), the PCRA court subsequently vacated Appellant's judgment of sentence and scheduled a resentencing hearing for September 22, 2016.

At the September 22, 2016 resentencing hearing, K.S., C.B., and Victim A.C. explained the lasting impact the sexual abuse has had on

Victims. Appellant apologized to Victims and stated he did not mean to hurt anyone. The court ultimately sentenced Appellant to twelve and one-half (12½) to twenty-five (25) years' imprisonment for the rape of a child conviction, five and one-half (5½) to eleven (11) years' imprisonment each for the aggravated indecent assault of a child convictions, one (1) to two (2) years' imprisonment each for two of the indecent assault convictions, nine (9) to twenty-three (23) months' for the remaining indecent assault conviction, and nine (9) to twenty-three (23) months' each for the three corruption of minors convictions. The court ordered Appellant to serve all sentences consecutively; thus, the court imposed an aggregate term of twenty-eight (28) years and six (6) months to fifty-eight (58) years and eight (8) months' imprisonment. Appellant timely filed a post-sentence motion on September 29, 2016, which the court denied the same day. Appellant timely filed a notice of appeal on October 7, 2016. On October 12, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); and Appellant timely complied on October 21, 2016.

Appellant raises the following issue for our review:

> WHETHER THE AGGREGATE SENTENCE OF NOT LESS THAN 2[8]½ TO NOT MORE THAN 58 YEARS AND 8 MONTHS WHICH INCLUDED A SENTENCE OF 12½ TO 25 YEARS FOR RAPE OF A CHILD WAS UNDULY HARSH AND A MANIFEST ABUSE OF DISCRETION?

(Appellant's Brief at 5).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Dennis E. Reinaker, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed December 2, 2016, at 3-7) (finding: Appellant's challenge to increased sentence for rape of child hinges on court's alleged failure to consider Appellant's good behavior in prison; this allegation fails to raise substantial question to invoke appellate review; moreover, this challenge has no merit because court had benefit of PSI report, set forth reasons for sentence on record, and incorporated its findings and comments from original sentencing hearing; Appellant also claims court failed to consider mitigating factors at resentencing; this claim does not raise substantial question to invoke appellate review; moreover, court's imposition of reduced aggregate sentence demonstrated its consideration of relevant mitigating factors contained in PSI report and Appellant's Integrated Correctional Plan; Appellant next claims his sentence is unreasonable in light of his character and circumstances of offense; despite Appellant's sexual abuse of three minor girls over extended period of time, court imposed standard guideline range sentences for each of Appellant's convictions; Appellant's total confinement will prevent him from engaging in similar sexually abusive acts in future; sentence is also consistent with impact of offenses on Victims, who suffer daily psychological

trauma as result of Appellant's abuse; further, sentence is consistent with Appellant's rehabilitative needs as exhibited by Appellant's success while incarcerated; finally, Appellant's bald excessiveness claims do not raise substantial question to invoke appellate review; moreover, sentence is not excessive in light of disturbing nature of Appellant's offenses and continued devastating effects abuse has had on Victims; under these circumstances, Appellant's challenge to discretionary aspects of his sentence fails). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/12/2017

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA :
:
v. :  No. 2306-2012
:
THOMAS EARL BECKER :

**Pa.R.A.P. 1925(a) MEMORANDUM OF OPINION**

BY: REINAKER, J.
DECEMBER 2—, 2016

### Introduction

The Defendant, Thomas Earl Becker, has filed a Notice of Appeal to the Superior Court

of his judgment of sentence on October 7, 2016. On October 11, 2016, this Court ordered the

Defendant to file a Concise Statement of Matters Complained of on Appeal. On October 21,

2016, the Defendant filed his statement. The Commonwealth submitted its Answer on November

29, 2016.

On May 15, 2013, the Defendant was convicted of one count of Rape of a Child,[1] two

counts of Aggravated Indecent Assault of a Child,[2] two counts of Indecent Assault (Felony 3),[3]

one count of Indecent Assault (Misdemeanor 1),[4] two counts of Corruption of Minors (Felony

3),[5] and one count of Corruption of Minors (Misdemeanor 1).[6] On August 2, 2013, after a pre-

sentence investigation, the Court sentenced the Defendant to an aggregate of 32 years and 9

months to 66 years' incarceration.

---

[1] 18 Pa.C.S.A. §3121(c)
[2] 18 Pa.C.S.A. §3125(b)
[3] 18 Pa.C.S.A. §3126(a)(7)
[4] 18 Pa.C.S.A. §3126(a)(7)
[5] 18 Pa.C.S.A. §6301(a)(1)
[6] 18 Pa.C.S.A. §6301(a)(1)

On September 22, 2016, the Court held a resentencing hearing for the Defendant, as the Superior Court's decision in *Commonwealth v. Wolfe*, 106 A.3d 800 (Pa. Super. 2014) rendered the Defendant's prior sentence illegal. At the hearing, the findings of the August 2, 2013 sentencing hearing were incorporated, including the finding that the Defendant was a sexually violent predator. (Notes of Testimony, 9/22/2016, p. 4). The Court also heard testimony from a victim and two of the victims' mothers. At the conclusion of the hearing, the Court imposed the following sentence:

> Count 1 Rape of a Child: 12 ½ to 25 Years' Confinement;
> Count 2 Agg. Ind. Assault of Child: 5 ½ to 11 Years' Confinement;
> Count 3 Agg. Ind. Assault of Child: 5 ½ to 11 Years' Confinement;
> Count 7 Ind. Assault Person Less than 13 Years of Age: 1 to 2 Years' Confinement;
> Counts 8 Ind. Assault Person Less than 13 Years of Age: 1 to 2 Years' Confinement;
> Count 9 Corruption of Minors: 9 to 23 Months' Confinement;
> Count 10 Count 9 Corruption of Minors: 9 to 23 Months' Confinement;
> Count 11 Corruption of Minors: 9 to 23 Months' Confinement;
> Count 12 Corruption of Minors: 9 to 23 Months' Confinement.

Each of the sentences were ordered to be served consecutively, totaling to an aggregate period of 28 ½ to 58⅔ years' confinement.

On September 29, 2016, the Court denied the Defendant's Post-Sentence Motion. The Defendant then filed a Notice of Appeal to the Superior Court and was ordered to file his Concise Statement. On October 21, 2016, the Defendant timely filed his Concise Statement. The Commonwealth submitted its Answer on November 29, 2016.

The Defendant raises several issues on appeal. First, the Defendant argues that the Court abused its discretion when it imposed a sentence of 12 ½ to 25 years' confinement for the offense of Rape of a Child. Next, the Defendant argues that his aggregate sentence was an abuse of discretion because the Court ignored mitigating circumstances presented by the Defendant.

Third, the Defendant argues that his aggregate sentence was unreasonable in light of the nature and circumstances of the offense and character of the Defendant. For his fourth issue, the Defendant argues that his aggregate sentence violated the Sentencing Code. Lastly, the Defendant argues that his aggregate sentence was manifestly excessive and unduly harsh. For the following reasons, the Court finds that none of the Defendant's arguments on appeal are with merit.

## Discussion

The Defendant's first argument on appeal is without merit. Sentencing is a matter vested in the sound discretion of the sentencing court, and a sentence will not be disturbed on appeal without a manifest abuse of that discretion. *Commonwealth v. Hess*, 745 A.2d 29, 31 (Pa. Super. 2000). To constitute an abuse of discretion, the sentence must either exceed the statutory limits or be manifestly excessive; it is not shown merely by an error in judgment by the court. *Commonwealth v. Mouzon*, 828 A.2d 1126, 1128 (Pa. Super. 2003). Rather, the defendant must demonstrate, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. *Id.* In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as the sentencing judge is in the best position to measure factors such as the nature of the crime, the defendant's character, and the display of remorse, defiance, or indifference. *Commonwealth v. Ellis*, 700 A.2d 948, 958 (Pa. Super. 1997).

A sentencing court is required to place on the record its reasons for the imposition of the sentence. 42 Pa.C.S. §9721(b). The sentencing judge can satisfy this requirement by identifying on the record that he was informed by a presentence report. *Commonwealth v. Pennington*, 751

A.2d 212, 217 (Pa. Super. 2000). Where the sentencing court has the benefit of a pre-sentence report, the law presumes that the court "was aware of the relevant information regarding the defendants' character and weighted those considerations along with the mitigating statutory factors" delineated in the Sentencing Code. *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). "Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed." *Id.* In addition, the combination of a pre-sentence report and a standard range sentence, without more, cannot be considered excessive or unreasonable. *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa. Super. 1995). Moreover, an allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question invoking appellate jurisdiction. *See Commonwealth v. Wellor*, 731 A.2d 152, 155 (Pa. Super. 1999) (reiterating allegation that sentencing court "failed to consider" or "did not adequately consider" certain factors general does not raise substantial question).

Here, the Court properly exercised its discretion in imposing the Defendant's sentence for Rape of a Child. The Court set forth its reasons in imposing the sentence, as the Court incorporated its findings and comments from the original sentencing hearing. (N.T., 9/22/2016, p. 4). There, the Court was informed by a presentence report and made the determination that the Defendant was a sexually violent predator. (N.T., 9/22/2016, p. 4). Because the Court stated on the record that it was informed by a presentence report, the Court established adequate reasons in imposing the Defendant's sentence. In addition, the Defendant's first issue on appeal hinges on the argument that the Court did not consider a mitigating factor, namely the Defendant's good behavior, when imposing the sentence. As such, this allegation does not raise a substantial question invoking appellate jurisdiction. For that reason, and the fact that the Court did not abuse its discretion in imposing the sentence, this issue is meritless.

The Defendant's second issue on appeal is also without merit. As mentioned above, an allegation that the sentencing court "failed to consider" or "did not adequately consider" mitigating factors is "in effect, a request for [the appellate court] to substitute its judgment for that of the lower court." *Commonwealth v. Rivera*, 637 A.2d 1015, 1016 (Pa. Super. 1994). Such an allegation does not raise a substantial question that the sentence was inappropriate. *Id.* Here, the Defendant explicitly argues that the Court did not consider mitigating factors at sentencing. This does not raise a substantial question invoking appellate jurisdiction. Regardless, the Court was fully informed by a presentence report and was presented with the Defendant's Integrated Correctional Plan. (N.T., 9/22/2016, p. 14). Further, the Defendant's new aggregate sentence was lighter than the original sentence imposed, demonstrating the Court did in fact consider mitigating circumstances. Because this allegation does not raise a substantial question and there is no evidence supporting the Defendant's contention that the Court did not consider any mitigating factors, this issue is meritless.

The Defendant's third issue on appeal, that the aggregate sentence was unreasonable given the circumstances of the offense and the history and character of the Defendant, is also without merit. The combination of a presentence report and a standard range sentence, without more, will not be considered unreasonable. *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa. Super. 1995). Here, the Court was fully informed by the Defendant's pre-sentence report in reaching its sentence. (N.T., 9/22/2016, p. 4). Further, the Court imposed a sentence that was within the standard guideline range. These two factors alone demonstrate that the Defendant's sentence was not unreasonable. However, the circumstances of the offense clearly show that the sentence was not unreasonable, as the Defendant sexually abused three young girls over a long period of time. In addition, the character of the Defendant warrants the aggregate sentence, as he

was determined to be a sexually violent predator. For all of these reasons, the sentence was not unreasonable. As such, this argument is meritless.

The Defendant's fourth claim on appeal is also without merit. Under the Sentencing Code, a sentence of total confinement must be "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. §9721(b).

Here, the Court's sentence is consistent with the protection of the public and the gravity of the offense. The Defendant committed numerous sexual and abusive acts on three young girls, and his total confinement will prevent him from having any further sexual or abusive encounters with children like the victims. The sentence was also consistent with the impacts that these offenses have had on the life of each victim. The Court heard testimony from C. B., the mother of two of the victims. C. B. testified that her children "suffer every day" because of the Defendant's actions, noting that one daughter routinely "cuts" herself and both are in counseling. (N.T., 9/22/2016, p. 6). The Court also heard testimony from one of the victims, who testified that everyday occurrences "trigger" her memories and impact her life. (N.T., 9/22/2016, p. 9). Lastly, the Court heard testimony from K. S., the mother of another victim and the Defendant's daughter. K. S. testified that her daughter can no longer interact with men due to the Defendant's actions. (N.T., 9/22/2016, p. 10). Further, K. S. informed the Court that her daughter suffers from depression and the stress from her memories of the Defendant have weakened her health. *Id.* In all, the Court heard an abundance of testimony regarding the devastating impacts that the offenses have had on the victims, and the Court considered these impacts when it imposed its sentence. Therefore, the Defendant's sentence is consistent with the offense's gravity and its impact on the victims and community.

Further, the sentence is consistent with the rehabilitative needs of the Defendant. At the resentencing hearing, the Court was presented with the Defendant's Integrated Correctional Plan. The Plan detailed that the Defendant has had no misconducts while incarcerated, maintained positive work and housing reports, and completed the Sex Offender Program Evaluation. It is evident that the Defendant's confinement is addressing his rehabilitative needs. As such, the sentence is consistent with the rehabilitative needs of the Defendant. As such, the sentence does not violate the Sentencing Code. For these reasons, the third issue on appeal is meritless.

Lastly, the Defendant's final issue on appeal is without merit. A bald claim of excessiveness when the sentence is within the statutory limits is generally not a substantial question that justifies appellate review. *Commonwealth v. Burton*, 770 A.2d 771 (Pa. Super. 2001), *appeal denied* 868 A.2d 1197. However, to determine whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as the sentencing judge is in the best position to measure factors such as the nature of the crime, the defendant's character, and the display of remorse, defiance, or indifference. *Commonwealth v. Ellis*, 700 A.2d 948, 958 (Pa. Super. 1997).

Here, it is likely that this issue does not raise a substantial question for appellate review, as the Defendant baldly asserts that his sentence was manifestly excessive "under the circumstances presented to the Court." Regardless, the Court was informed by a presentence report and the sentence was within the guideline range. Further, the Court heard testimony regarding the disturbing nature of the Defendant's sexual abuse towards three young girls and the devastating impact that the offenses have had on the victims' lives. In light of all of this, the sentence is not manifestly excessive. As such, this issue is without merit.

## Conclusion

Accordingly, I conclude the grounds identified by the Defendant in his Pa. R.A.P. 1925(b) statement are meritless.

I certify this document to be filed in the Lancaster County Office of the Clerk of the Courts.

Jacquelyn E. Pfursich
Clerk of Courts

ATTEST:

BY THE COURT:

DENNIS E. REINAKER
PRESIDENT JUDGE
DECEMBER 2 , 2016

Copies To:

Vincent J. Quinn, Esq., 1347 Fruitville Pike, Lancaster, PA, 17601
District Attorney's Office
Clerk of Courts